UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MAJID TAVAKOLIAN, | : | Case No. 19-13696 (RG) |
| Debtor. | : | |

# STIPULATION AND ORDER PROVIDING ADEQUATE PROTECTION AND RELATED RELIEF WITH RESPECT TO SECURED CLAIM OF INTERNAL REVENUE SERVICE

RECITALS:

A. On November 18, 2019 (the "Petition Date"), Debtor Majid Tavakolian ("Debtor") filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). *See* Dkt. No. 1.

B. On or about December 5, 2019, the Internal Revenue Service ("IRS") filed a proof of claim against Debtor, *see* Claim No. 3-1, on account of unpaid personal income taxes, interest, and penalties as of the Petition Date, in the aggregate amount of at least $603,877.33, of which $368,767.95 (the "Secured Claim") is secured by Notices of Federal Tax Lien (the "Pre-Petition Liens").

C. The Secured Claim of $368,767.95 is comprised of $183,593.97 of unpaid taxes, $117,791.77 of penalties, and $67,382.21 of interest. *See* Claim No. 3-1, at 4.

D. Pursuant to 26 U.S.C. § 6321, the Pre-Petition Liens attach to all of Debtor's property and rights to property, whether real or personal. That property includes, among other

things, Debtor's accounts receivable and general intangibles, as well as all of the proceeds, products, offspring, rents, and profits thereof.

E. For purposes of this Stipulation and Order, the term "Cash Collateral" shall mean and include all "cash collateral," as defined by 11 U.S.C. § 363, in or on which the IRS has liens that attach and/or a security interest.

F. The United States of America (the "Government"), on behalf of the IRS, will not consent to Debtor's use of the Cash Collateral except upon the entry of this Stipulation and Order, effective as of the Petition Date.

G. The Government and Debtor agree that, subject to final allowance of its Secured Claim against Debtor, the Government is entitled to receive adequate protection within the meaning of, and pursuant to 11 U.S.C. § 363(e), for any decrease in the value of the Government's interest since the Petition Date in the Cash Collateral as set forth in this Stipulation and Order.

AGREEMENT:

1. Pursuant to 11 U.S.C. § 363, the Government consents to the Debtor's use of the Cash Collateral, and shall receive from Debtor as adequate protection for its interest in the Cash Collateral, the following:

    a) monthly payments of seven thousand dollars ($7,000.00) to the IRS as adequate protection for any diminution in the value of any collateral securing the Secured Claim as a result of the use of Cash Collateral, commencing in the month of the date of entry of this Order; such payments shall be made on or before the fifteenth day of each calendar month by cash or certified check; and

  b)   a valid and perfected replacement security interest (the "Replacement Lien"), effective as of the Petition Date and without the necessity of the execution, recording or filing of liens, to the extent of, and as security for any decrease in the value of the Government's interest in the Cash Collateral since the Petition Date in, to, and upon all existing and hereafter-acquired property of Debtor of any kind or nature, in the same validity, order and priority as the Prepetition Liens.

2.   The Government reserves its right to assert a superpriority claim pursuant to 11 U.S.C. § 507(b), and Debtor reserves its defenses to such a claim.

3.   The Replacement Lien granted to the Government in this Order shall be in addition to, and not in substitution of, any and all security interests, liens, encumbrances, rights of set-off or other rights of the Government currently existing or hereafter arising. This Order shall be sufficient and conclusive evidence of the validity of the Replacement Lien, without the necessity of the filing and/or recording of any financing statement(s), mortgage(s), deed(s) of trust, notice(s), or other document(s) that may otherwise be required under the law of any jurisdiction, or the taking of any other action to validate or perfect the security interests and liens granted to the Government in this Order. The Government may, in its discretion, file a certified copy of this Stipulation and Order in any jurisdiction in which Debtor has or comes to have real or personal property, and in such event, the subject filing/recording officer is hereby authorized and directed to file/record such certified copy.

4.   The payments authorized by this Stipulation and Order shall be applied by the Government to its Secured Claim.

5. Debtor shall, further: (a) remain current with all of its post-Petition Date tax liabilities; (b) timely file any and all required post-Petition Date tax returns; (c) file all past due tax returns within forty-five (45) days of the entry of this Order; (d) timely make all required tax deposits and payments; and (e) serve notice of all tax deposits upon the IRS within three (3) business days of each deposit.

6. Debtor shall promptly provide any and all financial information the Government reasonably requests and shall permit the Government, upon prior reasonable notice, to review its books and records with respect to the subject matter of this Order, and make copies thereof during normal business hours.

7. Notwithstanding anything to the contrary herein, the right of Debtor to use the Cash Collateral shall terminate immediately upon the occurrence of any of the following events:

    a) the entry of a court order converting or dismissing this case;

    b) the entry of a court order confirming a plan of reorganization in this case;

    c) the failure of Debtor to perform any of its obligations under this Order or to cure such default within five (5) business days after it receives written notice thereof from the Government;

    d) the amendment, supplementation, waiver or other modification of all or part of this Stipulation and Order without the Government having been given at least seventy-two (72) hours' advance written notice, by overnight service (unless otherwise prescribed by the Court), of any hearing with respect thereto; provided that, in no event shall Debtor seek emergency relief concerning this Stipulation and Order from the Court

without the Government having been given at least twenty-four (24) hours' advance, actual notice (via telephone or facsimile);

e) the termination of all or substantially all of the operations of Debtor, whether by voluntary act(s) or omission(s) of the Debtor, or otherwise.

8. Notwithstanding anything herein to the contrary, nothing contained in this Stipulation and Order shall be deemed to limit the right of any subsequently appointed Chapter 7 trustee to challenge the validity of either the Pre-Petition Liens and/or the Replacement Liens, and nothing herein shall be construed to affect any party's lien priority and/or limit their right to challenge any lien priority granted herein.

9. Except as otherwise provided herein, or by order of the Court, all demands, notices, requests, consents, or other communications provided for hereunder shall be made in writing, and shall be deemed to have been given either upon (i) personal delivery, by courier or messenger service, and acknowledgment, by any officer (or authorized recipient of deliveries to the office) of the party to whom given, as of the date and time so acknowledged, or (ii) due deposit into the United States mail, by first-class mail. In all cases, such demands, notices, requests, consents, or other communications shall be dispatched to the following addresses (or such other addresses as may be furnished hereafter, by written notice given in accordance with the terms of this paragraph):

In the case of the Government:

        United States Attorney's Office
        Southern District of New York
        86 Chambers Street, 3rd Floor
        New York, NY 10007
        Tel: (212) 637-2614
        Fax: (212) 637-2686
        Attn: Rebecca R. Friedman, Assistant U.S. Attorney

In the case of Debtor:

>Jonathan Pasternak
>Davidoff Hutcher & Citron LLP
>605 Third Avenue
>New York, NY 10158
>Tel.: (212) 557-7200
>Fax: (914) 381-7406

10. Unless otherwise stated, all demands, notices, requests, consents, payments, reports, or other communications that the Government is entitled to receive, or that Debtor is required to provide to the IRS pursuant to this Stipulation and Order, shall also be sent to the following address:

>Internal Revenue Service
>290 Broadway, 5th Floor
>New York, NY 10007
>Attn: Bankruptcy Specialist Sandra Feliu

Copies of all tax returns that Debtor files during the pendency of this bankruptcy should also be sent to Ms. Feliu at the address above.

11. Nothing contained in this Stipulation and Order shall be construed to create rights of third parties for or against the Government not otherwise provided by law.

12. This Stipulation and Order and each of its terms and conditions, is subject to the approval of the Court. In the event that the Court declines to approve this Stipulation and Order, it shall be null and void, with no force or effect.

13. The Court shall retain jurisdiction over all matters arising under or with respect to this Stipulation and Order.

Dated: New York, New York
February 11, 2020

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney for the
                Southern District of New York
                *Attorney for the United States of America*

By:  */s/ Rebecca R. Friedman*
     REBECCA R. FRIEDMAN
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Tel.: (212) 637-2614
     Fax: (212) 637-2686
     Email: rebecca.friedman@usdoj.gov

Dated: New York, New York
February 11, 2020

                DAVIDOFF HUTCHER & CITRON LLP
                *Attorneys for Debtor*

By:  */s/ Jonathan S. Pasternak*
     JONATHAN S. PASTERNAK
     605 Third Avenue
     New York, NY 10158
     Tel.: (212) 557-7200
     Fax: (914) 381-7406
     Email: jsp@dhclegal.com

    */s/ Majid Tavakolian*
    MAJID TAVAKOLIAN
    *Debtor*

**SO ORDERED:**

Dated: March __, 2020
       New York, New York

                                              _____
                                              HON. ROBERT E. GROSSMAN
                                              United States Bankruptcy Judge